IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAWNA MARIE H.,[1] | Case No. 6:21-cv-00001-JR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

RUSSO, Magistrate Judge:

Plaintiff Shawna H. brings this action for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Disability Insurance Benefits and Social Security Income under the Social Security Act. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, the Commissioner's decision is affirmed, and this case is dismissed.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Born in 1972, plaintiff alleges disability beginning January 1, 2013, due to degenerative disc disease, anxiety, rheumatoid arthritis, and high blood pressure. Tr. 273-77. Her applications were denied initially and upon reconsideration. Tr. 126-34, 137-42. On March 6, 2020, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). Tr. 33-64. On April 29, 2020, the ALJ issued a decision finding plaintiff not disabled. Tr. 15-26. After the Appeals Council denied her request for review, plaintiff filed a complaint in this Court. Tr. 1-6.

## THE ALJ'S FINDINGS

At step one of the five step sequential evaluation process, the ALJ found plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 17. At step two, the ALJ determined the following impairments were medically determinable and severe: "a left fifth finger fracture, bilateral hand disorder, right knee disorder, spine disorder, left clavicle fracture, left shoulder disorder, hip disorder, and hearing loss." Tr. 18. At step three, the ALJ found plaintiff's impairments, either singly or in combination, did not meet or equal the requirements of a listed impairment. Tr. 20.

Because she did not establish presumptive disability at step three, the ALJ continued to evaluate how plaintiff's impairments affected her ability to work. The ALJ resolved that plaintiff had the residual function capacity ("RFC") to perform light work except:

> [She] can lift and carry 20 pounds occasionally and ten pounds frequently; stand and walk two hours total; sit for six hours total; and she can stand for 20 minutes at a time, but then needs to sit for at least five minutes. She can do frequent balancing and all other postural activities on an occasional basis. [Plaintiff] can do frequent reaching and feeling and occasional handling and fingering. [Plaintiff] should have only occasional exposure to fumes, odors, dust, gases, and poor ventilation; occasional exposure to hazards such as moving mechanical parts and unprotected heights; and she should not be exposed to greater than moderate noise.

Page 2 – OPINION AND ORDER

Tr. 21.

At step four, the ALJ determined plaintiff was unable to perform any past relevant work. Tr. 25. At step five, the ALJ concluded, based in the VE's testimony, that there were a significant number of jobs in the national economy plaintiff could perform despite her impairments. Tr. 25-26.

## DISCUSSION

This case hinges exclusively on the ALJ's step five finding. Specifically, plaintiff argues that the VE's testimony was not supported by substantial evidence because he "claimed more jobs in the only offered occupation than could possibly exist based on data from Job Browser Pro." Pl.'s Opening Br. 4-6 (doc. 10).

At step five, an ALJ bears the burden of "providing evidence that demonstrates that other work exists in significant numbers in the national economy that [a claimant] can do." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). "Given its inherent reliability, a qualified [VE's] testimony as to the number of jobs existing in the national economy that a claimant can perform is ordinarily sufficient by itself to support an ALJ's step-five finding." Ford v. Saul, 950 F.3d 1141, 1060 (9th Cir. 2020).

In order to preserve the issue for appeal, the claimant must "raise the job-numbers issue in a general sense before the ALJ." Shaibi v. Berryhill, 883 F.3d 1102, 1110 (9th Cir. 2017). If the ALJ then declines to "permit the claimant to submit supplemental briefing," the claimant "may raise new evidence casting doubt on a VE's job estimates before the Appeals Council, provided that evidence is both relevant and relates to the period on or before the ALJ's decision." Id. (citation and internal quotations omitted).

Page 3 – OPINION AND ORDER

Here, the VE testified that a hypothetical individual with plaintiff's age, education, past work, and RFC could perform a single representative occupation – i.e., call out operator, DOT § 237.367-014 – of which there are 58,000 jobs nationally. Tr. 56-59. Plaintiff's attorney inquired as to how that number was generated; the VE responded that he relied on "Department of Labor data . . . filtered through a variety of surveys," such as "Washington Information Systems[,] SkillTRAN, [and] Job Browser Pro." Tr. 60-61.

Plaintiff subsequently submitted evidence to the Appeals Council – namely, a "2018 Employment Estimate" from Job Browser Pro – reflecting that the position of call out operator had 4,573 full-time positions in the national economy.[2] Tr. 4, 353-56.

As such, the question before the Court is whether contradictory evidence proffered to the Appeals Council from one of the same sources relied on by the VE concerning the incidence of jobs is sufficient to undermine the ALJ's step five finding. Courts within the Ninth Circuit have repeatedly answered this question in the negative. This is because competing evidence, even from an actual expert, simply represents "an alternative opinion regarding the job numbers" and does not necessarily "demonstrate the evidence offered by the VE was not reliable." Rochelle S. v. Saul, 2021 WL 252925, *6 (W.D. Wash. Jan. 25, 2021); see also Cardone v. Colvin, 2014 WL 1516537, *5-6 (C.D. Cal. Apr. 14, 2014) ("plaintiff's lay assessment of raw vocational data derived from Job Browser Pro" is insufficient to warrant remand); Colbert v. Berryhill, 2018 WL 1187549, *5 (C.D. Cal. Mar. 7, 2018) ("[e]ven if the data from Job Browser Pro in its raw form were considered substantial evidence – and the Court is not persuaded that it is – the data would only serve to show

---

[2] Although the Ninth Circuit has not created a bright-line rule for what constitutes a significant incidence of jobs, it has yet to endorse a number below 25,000. Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 529 (9th Cir. 2014); see also Randazzo v. Berryhill, 725 Fed.Appx. 446, 446 (9th Cir. 2017) (rejecting 10,000 as a significant number).

Page 4 – OPINION AND ORDER

that the evidence can be interpreted in different ways"); Ruth Kay A. v. Comm'r of Soc. Sec., 2019 WL 7817084, *7 (E.D. Wash. Sept. 3, 2019) (absent a corresponding expert opinion, "[c]ounsel's subsequent offer of data derived from Job Browser Pro does not undermine the [VE's] testimony").

Plaintiff's reply does not address this authority, despite the fact that it is specifically raised in the Commissioner's opposition. Compare Pl.'s Reply Br. 1-2 (doc. 15), with Def.'s Resp. Br. 6-7 (doc. 11); see also Justice v. Rockwell Collins, Inc., 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 Fed.Appx. 365 (9th Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted). Plaintiff likewise does not set forth any contrary precedent that belies or otherwise calls into doubt the aforementioned cases.[3]

The Court therefore declines to depart from this indistinguishable, persuasive authority. Accordingly, the Court finds the raw data from Job Browser Pro submitted to and considered by the Appeals Council inadequate to deprive the ALJ's decision of substantial evidence.

---

[3] Plaintiff relies on Buck v. Berryhill, 869 F.3d 1040 (9th Cir. 2017), for the proposition that remand is appropriate any time there is a "vast discrepancy between the number tendered by the VE and those tendered by the claimant" from the same source. Pl.'s Opening Br. 6-7 (doc. 10); Pl.'s Reply Br. 2 (doc. 15). This District has, on one occasion, found evidence of disparate job numbers submitted directly to the ALJ but unaddressed in the decision denying benefits sufficient to trigger the ALJ's "duty to fully develop the record." Pauline D. v. Comm'r Soc. Sec., 2019 WL 6131436, *3 (D. Or. Nov. 19, 2019) (citation and internal quotations and brackets omitted). However, as addressed herein, reversal is generally not warranted, even under Pauline D., where inconsistent evidence is submitted to and rejected by the Appeals Council. See id. ("the Court's holding is narrow; it does not discount the authority of VE testimony, nor does it restrict ALJs from relying on VE testimony. A lawyer simply submitting evidence of conflicting job numbers does not automatically render the VE's testimony unreliable"). In other words, the present case is distinguishable from both Pauline D. and Buck, in that plaintiff's only submission was to the Appeals Council, which incorporated plaintiff's evidence from Job Browser Pro into the record but determined that it did not provide grounds for remand. See Rochelle S., 2021 WL 252925 at *6 (affirming the ALJ's decision under analogous circumstances, explaining "[u]nlike in Buck, where the claimant's evidence was offered but never addressed during the administrative proceedings, here plaintiff's evidence was given due consideration" because it was evaluated by the Appeals Council).

Page 5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, the Commissioner's decision is AFFIRMED, and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 20th day of December, 2021.

/s/ Jolie A. Russo
Jolie A. Russo
United States Magistrate Judge