IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWNA MARIE H.,[1]

       Plaintiff,

       v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

Case No. 6:21-cv-00001-JR

ORDER

RUSSO, Magistrate Judge:

      Plaintiff Shawna H. moves for attorney fees and costs under the Equal Access to Justice Act ("EAJA") in the amounts of $7,976.56 and $907, respectively. All parties have consented to allow a Magistrate Judge enter final orders and judgement in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, plaintiff's request for attorney fees is denied and costs are awarded in part.

---

[1] In the interest of privacy, this opinion uses only the first name and initial of the last name of the non-governmental party in this case.

## PROCEDURAL BACKGROUND

Born in 1972, plaintiff alleged disability beginning January 2013 due to degenerative disc disease, anxiety, rheumatoid arthritis, and high blood pressure. Plaintiff filed for Title II Disability Insurance Benefits and Title XVI Social Security Income in May 2017. Her applications were denied initially and upon reconsideration. In March 2020, a hearing was held before an Administrative Law Judge ("ALJ"), wherein plaintiff was represented by counsel and testified, as did a vocational expert ("VE"). In April 2020, the ALJ issued an opinion finding plaintiff not disabled.

In December 2021, this Court entered judgment affirming the ALJ's decision and dismissing the case. Plaintiff appealed that decision and, in October 2022, the Ninth Circuit reversed and remanded for further administrative proceedings. On November 21, 2022, plaintiff filed the present motion for EAJA fees and costs. Briefing was completed in regard to that motion on December 21, 2022.

## DISCUSSION

Plaintiff seeks $402 and $505 for District and Ninth Circuit filing fees, respectively, and attorney fees in the amount of $7,976.56. Pl.'s Mot. EAJA Fees Attachs. 1-2 (doc. 23).

The Commissioner of Social Security ("Commissioner") does not dispute plaintiff is the prevailing party or assert there are any special circumstances that would make an award of attorney fees and costs unjust. The Commissioner, however, opposes plaintiff's motion on the grounds that: (1) the Ninth Circuit "directed that the parties shall bear their own costs and fees"; (2) the Commissioner's position was substantially justified; and (3) the requested fees are unreasonable. Def.'s Resp. to Mot. EAJA Fees 2-3 (doc. 28) (internal quotations and brackets omitted). The Commissioner also moves to strike plaintiff's reply brief on the grounds that she "expressly moves

Page 2 – ORDER

for separate relief [there]in" – namely, $8,439.54 in supplemental attorney fees. Def.'s Mot. Strike 2 (doc. 30).

Plaintiff's appeals before both this Court and the Ninth Circuit concerned a single issue – i.e., whether the VE's testimony was supported by substantial evidence because he "claimed more jobs in the only offered occupation than could possibly exist based on data from Job Browser Pro." *See, e.g.*, Pl.'s Opening Br. 4-6 (doc. 10). Although there was no binding precedent at the time of plaintiff's initial appeal, this Court acknowledged that the majority of courts within the Ninth Circuit resolved that "contradictory evidence proffered to the Appeals Council from one of the same sources relied on by the VE concerning the incidence of jobs is [not] sufficient to undermine the ALJ's step five finding." *Shawna Marie H. v. Comm'r of Soc. Sec. Admin.*, 2021 WL 6006353, *2 (D. Or. Dec. 20, 2021) (citing *Rochelle S. v. Saul*, 2021 WL 252925 (W.D. Wash. Jan. 25, 2021); *Cardone v. Colvin*, 2014 WL 1516537 (C.D. Cal. Apr. 14, 2014); *Colbert v. Berryhill*, 2018 WL 1187549 (C.D. Cal. Mar. 7, 2018); *Ruth Kay A. v. Comm'r of Soc. Sec.*, 2019 WL 7817084 (E.D. Wash. Sept. 3, 2019)).

While plaintiff's case was pending appeal, the Ninth Circuit decided *White v. Kijakazi*, 44 F.4th 828 (9th Cir. 2022), which held that evidence submitted by the claimant to the Appeals Council regarding the number of jobs available in the national economy created an inconsistency in the VE's testimony. In light of *White*, the parties agreed to remand this case for further administrative proceedings. The Ninth Circuit ordered that "[t]he district court's December 20, 2021, judgment is vacated" and "[t]he parties shall bear their own costs and fees." *Hesselgrave v. Kijakazi*, 2022 WL 14338352, *1 (9th Cir. Oct. 10, 2022).

Thus, as a preliminary matter, any costs and fees associated with plaintiff's Ninth Circuit appeal are precluded by the plain language of the remand order.[2] *Id.*; *see also Stacy v. Colvin*, 825 F.3d 563, 567-68 (9th Cir. 2016) (the rule of mandate applies in the social security context and "provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it") (citation and internal quotations omitted).

Moreover, the Court finds that the Commissioner's position was substantially justified. A prevailing plaintiff is not entitled to EAJA fees when the Commissioner's positions were "substantially justified" at each stage of the proceedings.[3] *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The "burden is on the government to prove substantial justification." *Barry v. Bowen*, 825 F.2d 1324, 1330 (9th Cir. 1987), *overruled on other grounds as recognized in Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462 (9th Cir. 1992). A plaintiff's success on the merits "does not raise a presumption that [the Commissioner's] position was not substantially

---

[2] Plaintiff asserts "it is not clear that the [Ninth Circuit's] mandate was intended to foreclose" fees because it does not specifically address the Social Security Act or EAJA, such that "counsel for Plaintiff has moved for recall and modification of the mandate to remove the language referring to fees, on the ground that the issue was neither litigated nor stipulated by the parties." Pl.'s Reply to Mot. EAJA Fees 6 (doc. 29). Plaintiff states further: "Should the Court agree with Defendant that the mandate forecloses this fee petition, Plaintiff respectfully asks that the Court stay decision on this matter pending resolution of that motion." *Id.* Aside from the fact that the Court need not consider new arguments first raised in a reply brief, the Local Rules dictate that "[m]otions may not be combined with any response, reply, or other pleading." LR 7-1(b). Plaintiff's request for stay is therefore denied. Nevertheless, the Court is willing to reconsider its ruling regarding appellate costs should plaintiff succeed in obtaining a modified Ninth Circuit order.

[3] Costs may be separately awarded under 28 U.S.C. § 2412(a) to the prevailing party, irrespective of substantial justification. The Commissioner therefore does not argue that its litigation position prevents costs except to the extent otherwise limited by the Ninth Circuit's remand order. *See* Def.'s Resp. to Mot. EAJA Fees 8 (doc. 28) ("[t]he Commissioner has no objection to costs if the mandate does not control"). And, as discussed herein, the Ninth Circuit's remand order does not unambiguously apply to District filing fees.

justified." *Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988). Rather, the Commissioner's positions

meet this standard when they are reasonably based both "in law and fact." *Lewis*, 281 F.3d at 1083

(citation and internal quotations omitted). As such, "substantially justified means there is a dispute

over which reasonable minds could differ . . . at the time of the litigation," not in hindsight.

*Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618-20 (9th Cir. 2005) (citation and internal

quotations omitted).

   In the context of a stipulated remand, the Ninth Circuit has explained substantial

justification as follows:

> If the government seeks a remand because the record indicates that the Agency's
> prior action was not consistent with clearly established law at the time the case was
> before it, then the government's position would not be substantially justified and
> the petitioner would be entitled to EAJA fees . . . Such situations are distinguishable
> from cases where the government seeks a remand due to intervening case law,
> because of unclear controlling case law, or where the Agency should have an
> opportunity to adjudicate a new claim for relief in the first instance. In cases such
> as these, the government's position may have been substantially justified at the time
> the Agency acted, even though subsequent, novel considerations have since
> undercut the underlying Agency decision. Therefore, the fee applicant would not
> be entitled to fees under EAJA in those situations[.]

*Li v. Keisler*, 505 F.3d 913, 919 (9th Cir. 2007) (internal citation omitted).

   As addressed in this Court's opinion, the Commissioner's decision was grounded in VE

testimony, which provided a reasonable basis of fact. *Shawna Marie H.*, 2021 WL 6006353 at *2.

And, at the time of plaintiff's initial appeal, the weight of relevant authority supported the

Commissioner's position.

   Plaintiff has not cited to, and the Court is not aware of, any binding, on-point precedent

existing prior to *White* suggesting that remand was warranted based on the ALJ's purported error

at step five. In fact, the case plaintiff primarily relied upon (and which *White* ultimately relied

upon) – i.e., *Buck v. Berryhill*, 869 F.3d 1040 (9th Cir. 2017) – had been recently interpreted under

analogous circumstances as distinguishable. *See id.* (denoting that, in 2021, the Western District of Washington "affirm[ed] the ALJ's decision under analogous circumstances, explaining '[u]nlike in *Buck*, where the claimant's evidence was offered but never addressed during the administrative proceedings, here plaintiff's evidence was given due consideration' because it was evaluated by the Appeals Council") (quoting *Rochelle S.*, 2021 WL 252925 at *6). Subsequently, the Ninth Circuit affirmed *Rochelle S. See generally Stanley v. Kijakazi*, 2022 WL 1153935 (9th Cir. Apr. 19, 2022). And this District continued to reject step five challenges based on Job Browser Pro data proffered to the Appeals Council. *See Amy Elizabeth L. v. Comm'r Soc. Sec. Admin.*, 2022 WL 2354580, *5-6 (D. Or. June 30, 2022) (affirming the ALJ's decision under virtually identical circumstances).

The Ninth Circuit then separately held that *Buck* did not compel remand where the claimant's attorney submitted competing national job numbers post-hearing because, in part, the claimant's attorney "had no identified expertise in calculating job figures in the national economy" and "did not replicate the VE's same methodology." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1193-94 (9th Cir. 2022). In so finding, *Kilpatrick* emphasized that, while VE testimony "is not incontestable," it "is ordinarily sufficient by itself to support an ALJ's step-five finding," especially absent evidence from "the same computer software [used by] the VE."[4] *Id.* (citations

---

[4] Here, the VE testified that a hypothetical individual with plaintiff's age, education, past work, and residual functional capacity could perform the representative occupation of call out operator, with 58,000 jobs nationally. Tr. 56-59. Plaintiff's attorney inquired as to how that number was generated; the VE responded that he relied on "Department of Labor data . . . filtered through a variety of surveys," such as "Washington Information Systems[,] SkillTRAN, [and] Job Browser Pro." Tr. 60-61. Plaintiff's counsel then submitted evidence to the Appeals Council concerning one of the surveys mentioned by the VE – namely, a "2018 Employment Estimate" from Job Browser Pro, which showed that the position of call out operator had 4,573 full-time positions in the national economy. Tr. 4, 353-56.

and internal quotations omitted). Accordingly, the Commissioner's position had a reasonable legal basis at the time plaintiff's claim proceeded before the agency and this Court.

Finally, it is worth noting the Ninth Circuit did not specifically affirm any of plaintiff's arguments – rather, it simply adopted the parties' stipulation for remand – and that the existence of other unpublished cases supporting plaintiff's position simply underscores that reasonable minds could differ about this issue. *See* Def.'s Resp. to Mot. EAJA Fees 7 n.3 (doc. 28) (collecting cases surrounding similar challenges to VE testimony, wherein the Commissioner prevailed).

In sum, where, as here, "the [Commissioner's] decisions were not contrary to controlling law at the time the decisions were rendered, and intervening case law has undercut the basis for those decisions, the government's position was and is substantially justified." *Meza-Vazquez v. Garland*, 993 F.3d 726, 729 (9th Cir. 2021).

## CONCLUSION

For the foregoing reasons, plaintiff's Application for EAJA Fees (doc. 23) is denied as to attorney fees. Costs are awarded in the reduced sum of $402. The Commissioner's Motion to Strike Reply (doc. 30) is denied as moot.

IT IS SO ORDERED.

DATED this 30th day of December, 2022.


_____/s/ Jolie A. Russo_____
Jolie A. Russo
United States Magistrate Judge